[Cite as *State v. January*, 2021-Ohio-3364.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                          :         APPEAL NO. C-200333
                                                  TRIAL NO. 19CRB-24402
    Plaintiff-Appellee,             :

  vs.                                   :
                                                  *O P I N I O N.*
KORKOR JANUARY,                         :

    Defendant-Appellant.            :



Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 24, 2021


*Andrew W. Garth*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Jon Vogt*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**BOCK, Judge.**

{¶1} Defendant-appellant Korkor January appeals his criminal-damaging conviction, asserting that the conviction was contrary to the manifest weight of the evidence. For the following reasons, we affirm the trial court's judgment.

## I. Facts and Procedure

{¶2} DeJuan McClure testified that he witnessed January approach McClure's vehicle holding an object, slash the tire on the front driver's side of McClure's vehicle, "duck[] into the bushes," and run down the street. McClure parks his vehicle "right along the side" of his house. The only thing that separates his vehicle from his house is the walkway that goes down the entire length of his house. McClure further testified that he saw January's face and that he knows January's body language, structure, and build. McClure stated that he had been living next door to January since 2016.

{¶3} Officer Kevin Martin testified that he interviewed McClure, who told him that he saw from his kitchen window January slash the tire. Martin also testified that the clothing that the person in McClure's surveillance video was wearing "looked pretty much like" what January was wearing on the day of arrest.

{¶4} On cross-examination, Martin testified that McClure had told him that he witnessed January puncture the tire but that January denied puncturing the tire. January asked McClure whether the person in the video was wearing a "nondescript, gray sweatshirt." Martin responded, "I would say that it was–yeah, it wasn't a unique, as far as I can remember, sweatshirt."

{¶5} January played the body-worn camera ("BWC") footage recorded by Martin's partner and asked if January appeared to be wearing a gray hoodie. Martin

responded that, from the video, it looked like "some kind of hoodie," that "it looks like he has his hood up," and that "it could have been a sweatshirt with a hood." Martin agreed that "[a]s far as [he could] recall," the security footage showed a plain gray hoodie with the hood up. Next, January played the portion of the BWC that showed January's attire, which Martin agreed did not have a hood.

{¶6} The trial court stated that while it found it difficult to determine whether the person in the surveillance video was wearing a hoodie, a sweater, or a hat and a sweater, taking the testimony and the surveillance video into consideration, it determined that the state had proven its case. It found January guilty of criminal damaging. January appealed.

## II.    Assignment of Error

{¶7} In his sole assignment of error, January argues that the trial court erred in finding him guilty because it was contrary to the manifest weight of the evidence.

{¶8} In reviewing a challenge to the weight of the evidence, appellate courts act as a thirteenth juror. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). This court must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. *State v. Buttram*, 1st Dist. Hamilton No. C-190034, 2020-Ohio-2709, ¶ 24.  "When evidence is susceptible to more than one construction, a reviewing court must give it the interpretation that is consistent with the judgment." *In re J.C.,* 1st Dist. Hamilton No. C-180493, 2019-Ohio-4027, ¶ 20.

{¶9}   Reversing a conviction and granting a new trial should only be done in "exceptional cases in which the evidence weighs heavily against the conviction." *Id.* "The trier of fact is in the best position to judge the credibility of the witnesses and the weight to be given to the evidence presented." *State v. Carson*, 1st Dist. Hamilton No. C-180336, 2019-Ohio-4550, ¶ 16.

{¶10}   Under R.C. 2909.06, the state had to prove that January "knowingly, by any means" or "recklessly, by any means" of a dangerous agency or substance caused or created "a substantial risk of physical harm to any property of another without the other person's consent."

{¶11}   McClure testified that he saw January run up to his vehicle, puncture the tire, and run away and that he did not give January consent to do so.

{¶12}   The surveillance footage is only five-seconds long and is in black and white. It shows a person running to the vehicle while crouched down, stabbing the tire, and then running off. The vehicle is situated under a security light that was shining from the house; however, the person's headwear casts a shadow over his or her face. Examining the video closely, it is clear that the person was wearing a gray sweater with a hat–not a hoodie as asserted by January. Upon arrest, January was wearing a gray sweater.

{¶13}   McClure's identification of January has weight because he had been January's next-door neighbor for more than three years. McClure testified that he saw January's face and that the person was of the same height and build as January.

{¶14}   The trial court is in the best position to determine the credibility of the witnesses and evidence before it. It could have believed all, some, or none of the testimony. Considering all of the evidence in the record, we find that the trial court

4

did not lose its way or create a manifest injustice. January's sole assignment of error is overruled.

### III.    Conclusion

January's conviction was based upon credible evidence. The court did not lose its way in finding January guilty of criminal damaging. We therefore affirm the trial court's judgment.

Judgment affirmed.

**BERGERON, P.J.**, and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion